UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDITH PRENTISS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff<br><br>- against -<br><br>IKEA US RETAIL LLC and TRANS EXPRESS INC.,<br><br>Defendants | 19 Civ. 5235<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff **EDITH PRENTISS,** by and through her counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, hereby files this Complaint and respectfully alleges against Defendants:

### STATEMENT OF CLAIM

1. In violation of well-settled, decades old law, Defendants have made a financial decision to not provide mobility-impaired individuals, who use wheelchairs or scooters, with a fixed route shuttle bus service that is equivalent to the service provided to nondisabled individuals. Instead, Defendants have chosen to create and follow a policy to not remove transportation barriers in all of its in vehicles used to transport individuals, and exclude Plaintiff and all other disabled persons, who use wheelchairs and scooters, from having equal access to and use of Defendants' shuttle bus service.

2. Plaintiff files this action on behalf of herself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*, New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq.*, and New York City [Administrative Code] Human Rights Law § 8-107 *et seq.*

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against Defendants.

## VENUE AND JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

5. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

## PARTIES

7. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of New York County, NY.

8. Defendant IKEA US RETAIL LLC is a foreign limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Nassau County.

9. Defendant IKEA US RETAIL LLC operates and leases a place of public accommodation located at 1 Beard Street, Brooklyn, New York.

10. Defendant TRANS EXPRESS INC. is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Kings County.

11. Defendant TRANS EXPRESS INC. operates a public accommodation which offers transportation.

12. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq.

## CLASS ACTION

13. Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use a wheelchair, by reason of various disabilities, and who use or desire to use the transportation services and accommodations offered to the public by Defendant, and who are protected by, and are beneficiaries of, the ADA, New York State Law, and New York City Law.

14. Plaintiff, complaining for herself and all other residents in the City of New York and State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

15. The United States Census has indicated that there are more than 1.39 million New Yorkers with mobility disability.

16. The ADA, New York State Human Rights Law, and New York City Human Rights Law recognize individuals with disabilities as a protected class.

17. It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to not be readily accessible to and usable by an individual with a disability.

18. Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law, and New York State Human Rights Law.

**FACTUAL BACKGROUND**

19. Plaintiff has a physical disability and is substantially impaired in walking. As a result, she uses a wheelchair for mobility.

20. Defendant IKEA US Retail LLC ("IKEA") owns or operates a public accommodation located at 1 Beard Street, Brooklyn, New York.

21. Defendant IKEA offers and provides a "fixed route" shuttle bus from four designated locations in Brooklyn, including Court Street/Borough Hall subway station, to its store located at 1 Beard Street, Brooklyn, New York.



4

22. Defendant IKEA has a contract or other arrangement with Defendant TRANS EXPRESS INC. to provide fixed route shuttle bus to its store.

23. Defendant TRANS EXPRESS INC. is currently the only entity providing fixed route shuttle bus service, on behalf of IKEA, from Borough Hall to the IKEA store located at 1Beard Street, Brooklyn, New York.

24. Defendant IKEA is a private entity not primarily engaged in the business of transporting people.

25. Defendant TRANS EXPRESS INC. is a private entity primarily engaged in the business of transporting people.

26. In order to use the fixed route shuttle bus, discussed herein, an individual is not required or expected to initiate any action. Instead, the individual only needs to be at the designated bus stop at the time the bus is scheduled to appear.

27. The shuttle buses operated by Defendant TRANS EXPRESS INC., on behalf of Defendant IKEA, were purchased or leased by Defendant TRANS EXPRESS INC.

28. Each of the shuttle buses operated by Defendant TRANS EXPRESS INC., on behalf of Defendant IKEA, has a seating capacity of over 16 passengers, including the driver.

29. Defendant TRANS EXPRESS INC. has purchased or leased a vehicle for use on the fixed route system, described herein, that is not readily accessible to or usable by individuals with disabilities, including individuals who use wheelchairs or scooters.

30. Defendants provide shuttle bus service to and from Borough Hall and the IKEA store every 20-30 minutes.

31. Half of the shuttle buses used by Defendants do not have wheelchair lifts. Therefore, they are inaccessible to Plaintiff and all others similarly situated.

32. Defendants provide double the amount of shuttle service to individuals without disabilities, than to individuals whom use wheelchairs or scooters.

33. In addition to the fact that only half of the shuttle buses have a wheelchair lift, the wheelchair lift is frequently inoperative.

34. Since 2017, Plaintiff has attempted to board Defendants shuttle bus and frequently encountered the wheelchair lift being inoperative.

35. During the times Defendants wheelchair lift has been inoperative, Defendants have not offered Plaintiff, and all others similarly situated, with alternative means of accessible transportation.

36. Since 2017, plaintiff has frequently used and/or attempted to use Defendants fixed route shuttle bus. However, she has been unable to enter the bus because the shuttle bus did not have a wheelchair lift.

37. Plaintiff is deterred from traveling on Defendants' shuttle bus especially during inclement or cold weather because of its inaccessibility.

38. To date, Defendants have failed to provide a fix route shuttle bus system that is readily accessible and usable by Plaintiff, and all others similarly situated.

39. Defendants do not provide equivalent shuttle service for mobility-impaired individuals who use wheelchairs or scooters.

40. Plaintiff is deterred from visiting Defendants' public accommodation because of the existing accessibility barriers.

# FIRST CAUSE OF ACTION
## (Violation of the Americans with Disabilities Act)

41. Defendants own and operate a public accommodation as defined by Title III of the ADA, 42 U.S.C. § 12181; 49 CFR Part 37, New York State Human Rights Law § 292(9), and New York City Administrative Code § 8-102(9) ("place or provider of public accommodation").

42. Defendants have failed to make adequate accommodations and modifications to its fixed route shuttle bus system.

43. The fixed route shuttle bus system offered by Defendants is not readily accessible to and usable by Plaintiff and all others similarly situated.

44. The fixed route shuttle bus system offered by Defendants do not meet standards for equivalent service.

45. Defendants have discriminated against Plaintiff, and all others similarly situated, in connection with the provision of transportation service.

46. Defendant TRANS EXPRESS INC. has discriminated against Plaintiff, and all others similarly situated, in the full and equal enjoyment of the transportation services.

47. Defendant TRANS EXPRESS INC. is engaged in the business of transporting people and whose operation affects commerce.

48. The removal of transportation barriers in existing vehicles is readily achievable.

49. There exist readily achievable modifications which would make Defendants' shuttle bus accessible and readily usable by Plaintiff and all others similarly situated.

50. Defendants failed to make the necessary readily achievable modifications to its public accommodation.

51. It is not impossible for Defendants to remove the barriers which exist in its shuttle bus.

52. Defendants fail to operate its fixed route system so that, when viewed in its entirety, such system ensures a level of service to individuals with disabilities, equivalent to the level of service provided to individuals without disabilities in violation of 42 USC § 12182(2)(B)(ii).

53. Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of their disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

54. Defendants have subjected Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements, to a denial of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

55. Defendants have not afforded Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii)..

56. Defendants have provided Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

57. Defendants have not afforded plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

58. Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

59. Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

60. Defendants have failed to make the necessary reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

61. Defendants have failed to remove transportation barriers in existing vehicles used by Defendants for transporting individuals, where such removal is readily achievable in violation of 42 U.S. Code § 12182(b)(2)(A)(v).

62. Defendants should have achieved accessibility by January 26, 1992.

63. Reasonable accommodations exist which do not impose an undue hardship on the operation of the Defendants' program or activity.

64. Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendants' program or activity.

## SECOND CAUSE OF ACTION
### (Violations of New York State Executive [Human Rights] Law 296)

65. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

66. Defendants have refused, withheld from or denied to Plaintiffs, on account of disability, the accommodations, advantages, facilities or privileges of Defendants public accommodation in violation of New York State Human Rights Law 296.2(a).

67. Defendants have, on the basis of disability, demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited in violation of New York State Human Rights Law 296.2(a).

68. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment.

69. Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when she was segregated from all other customers.

70. Defendants have refused to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities in violation of New York State Human Rights Law 296.2(a).

71. The necessary reason or modifications would not fundamentally alter the nature of such facilities, privileges, advantages or accommodations.

72. Pursuant to New York State law, Defendants and its agents discriminated against Plaintiff.

73. As a direct and proximate result of Defendants unlawful discrimination in violation of

the New York State Human Rights Law, Plaintiff has suffered and continues to suffer emotional distress, including but not limited to, humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

## THIRD CAUSE OF ACTION
### (Violation of New York State Civil Rights Laws)

74. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

75. On the basis of Plaintiff's disability, Defendants have violated her Civil Rights.

76. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

77. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

78. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violations of NYC Human Rights Law § 8-107(4))

79. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

80. In violation of New York City Admin. Code § 8-107(4), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

81. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

82. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager,

agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

83. In violation of New York City Admin. Code, on the basis of Plaintiff's disability, Defendants have demonstrated that the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

84. Pursuant to New York City Human Rights Law § 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

85. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer emotional distress, including but not limited to, humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury

## FIFTH CAUSE OF ACTION
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**

86. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

87. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

88. Defendants failed to provide Plaintiff reasonable accommodations and modifications in violation of NYC Human Rights Law 8-107(15).

89. In violation of New York City Human Rights Law 8-102(4) and (18), and 8-107(4) and

8-107(15), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

90. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

91. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the fixed route shuttle bus system in question.

92. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

93. In violation of New York City Admin. Code, Defendants have demonstrated that, because of Plaintiff's disability, the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

94. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer emotional distress, including but not limited to, humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

### SIXTH CAUSE OF ACTION
### (Declaratory Relief)

95. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

96. Plaintiff is entitled to a declaratory judgment concerning the violations committed by

Defendant and specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

A.  Certify this case as a class action;

B.  Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter its facility making such facility readily accessible to and usable to individuals with disabilities, and 3) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Law, New York City Administrative Code, and Title III of the ADA.

C.  Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and New York City Administrative Code, and its implementing regulations and declaring the rights of Plaintiff and other persons similarly situated as to Defendants' policies, practices, procedures, facilities, goods and services offered to the public.

D.  Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* and every violation.

E.  Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State civil rights law.

F.  The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

G.  Award Plaintiff compensatory damages in the amount of $20,000 for Defendants

violation of New York State Human Rights Law.

H.     Award Plaintiff compensatory damages in the amount of $20,000 for Defendants violation of New York City Administrative Code.

I.     Award Plaintiff punitive damages in the amount to be determined at trial for Defendants violation of New York State Human Rights Law and New York City Administrative Code.

J.     Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses.

K.     Award Plaintiff such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: September 12, 2019

LAW OFFICE OF JAMES E. BAHAMONDE, P.C.

X _____*J-B*_____

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiff(s)
Tel:  (646) 290-8258
Fax: (646) 435-4376
E-mail:  James@CivilRightsNY.com